[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by an order of this court (Geen, J.) on June 30, 1981.
As part of that judgment, the court found that there was one child issue of the marriage, Danielle. The defendant was ordered to pay support to the plaintiff for Danielle.
The parties cohabited after the dissolution of their marriage and three more children were born to the plaintiff, namely Chantal, Brianne and Glenn Tatangelo.
On September 3, 1992, the defendant stipulated to a judgment of paternity and was adjudicated to be the father of the minor children Chantal, Brianne and Glenn Tatangelo. The parties also stipulated and agreed that the defendant was to pay to the plaintiff the sum of $3,750.00 per month as support for all four minor children. The parties expressly agreed that the sum of $3,750.00 was in excess of guidelines in effect on said date. The agreement of the parties was accepted and made part of the judgment by the court (Karazin, J.).
On March 25, 1994, custody of the minor child Danielle changed from the plaintiff to the defendant and the defendant's CT Page 5927 support obligation was reduced from $3,750.00 to $2,700.00.
On April 17, 1996, the plaintiff-mother filed the instant motion for modification of child support for the reason that the minor child Danielle now resides with her and not with the defendant.
The plaintiff requested that the court "modify the Judgment with respect to child support in an amount consistent with the Connecticut Child Support Guidelines." The plaintiff also requested counsel fees in connection with said motion.
The defendant-father has objected to any increase in his support obligation based upon the fact that the amount which he is currently required to pay for all four children at the present time is actually in excess of the 1994 support guidelines.
The court heard the argument of the parties and has taken into consideration the provisions of Section 46b-84, C.G.S. and the provisions of the 1994 support guidelines and makes the following findings and conclusions.
The defendant is the father of all four minor children.
The defendant currently pays to the plaintiff the sum of $2,700.00 per month for the support of three of the four children. No support was payable by the defendant to the plaintiff for the minor child Danielle for the reason that, pursuant to the stipulation, Danielle would live with the defendant.
The defendant's current net weekly income is $1,733.00 and the plaintiff's current net weekly income is $93.75, exclusive of child support. The parties' combined net weekly income is $1836.75, an amount which exceeds the maximum net weekly income figure of $1,750.00.
When the parents' combined net weekly income exceeds $1,750.00, awards shall be determined on a case-by-case basis, and the amount of support prescribed at the $1,750.00 level shall be the minimum presumptive level. Child Support Guidelines, Section 46b-215a-2.
In addition to weekly support payments to the plaintiff, the defendant pays 100% of the medical insurance premium for the CT Page 5928 children and pays the Cobra contribution for her benefits. While the child Danielle resided with him he paid her tuition to a private high school.
The total net weekly income of the plaintiff-wife is reportedly from real estate commissions.
The plaintiff is 36 years old and enjoys good health. She is a college graduate and holds a B.A. in psychology and an A.A. in computer science. She has worked as a substitute school teacher on a per diem basis.
The plaintiff's financial affidavit for March 10, 1994 discloses that the plaintiff was employed and had a gross weekly income of $769.23 and a net weekly income of $524.27.
The plaintiff testified that she did not look for other jobs and her only real estate commission was a house which the defendant built and listed with her. She testified that additional commissions were expected in the near future.
The court further noted that her listed expenses on her current financial affidavit include approximately $1400.00 per month rent payable to her mother, a $9,000.00 personal loan to a personal friend which is not secured by a note and which is interest free, and a $38.45 weekly contribution to an IRA, and a $50.00 per week payment to her father as reimbursement for a college loan. Her financial affidavit and her testimony indicate that the plaintiff has managed to pay down approximately $23,000.00 in liabilities since 1994.
The plaintiff's expenses appear to be questionable and her testimony lacks credibility.
The court finds that the plaintiff could and should be making a considerably larger contribution to the combined net weekly income of the parties.
In this case the court finds that the current level of support contributed by the defendant is appropriate under the 1994 guidelines, notwithstanding the fact that daughter Danielle has returned to her mother's home.
For the foregoing reasons, the plaintiff's motion to increase the defendant's support obligation is hereby denied. CT Page 5929
The plaintiff's motion for an award of attorney's fees in connection with the foregoing motion is denied.
BY THE COURT
JOSEPH W. DOHERTY JUDGE